UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

HORATIO DEMARIOS SMITH,          :
      Plaintiff                                  :
                                                      :
      vs.                                         :   CIVIL NO. 1:13-CV-2914
                                                      :
R. LINDSEY, et al.,                           :
      Defendants                            :
                                                      :

*M E M O R A N D U M*

*I.*     *Introduction*

We are considering Plaintiff's objections to the Report and Recommendation of Magistrate Judge Carlson. (Doc. 44). This matter relates to allegations that Defendants Lindsey and Gonzalez (Defendants) used excessive force against Plaintiff while he was incarcerated at United States Penitentiary Canaan. On December 3, 2013, Plaintiff filed a complaint pursuant to Bivens, asserting that the force used by Defendants violated his Eighth Amendment right against cruel and unusual punishment.[1] (Doc. 1). On August 4, 2014, Defendants Lindsey and Gonzalez filed a motion for summary judgment. (Doc. 28). They claim that they are entitled to judgment as a matter of law because video evidence establishes that the force in question was not applied in a malicious and sadistic manner. (Doc. 37). On December 4, 2014, Magistrate Judge Carlson recommended that we grant Defendants' motion for summary

---

1. Plaintiff's complaint includes an additional Bivens claim against Defendant Sudul. Plaintiff asserts that Defendant Sudul retaliated against Plaintiff for pursuing his administrative remedies. With respect to that claim, Defendant Sudul has filed a separate motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies. (Doc. 16).

judgment. Because Plaintiff has filed objections (Doc. 48), we must "make a *de novo* determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). For the reasons discussed below, we will adopt the Report and Recommendation with one exception.

*II.      Background*

Because the magistrate judge's Report and Recommendation provides a detailed recitation of the facts and procedural history, we need not repeat them here.

*III.     Discussion*

*A. Timeliness of Plaintiff's Opposition*

Magistrate Judge Carlson recommends that we grant Defendants' motion for summary judgment because Plaintiff's opposition was not timely filed. (Doc. 44 at 6-9). Plaintiff was ordered by Judge Carlson to file his opposition to Defendants' motion by November 28, 2014. (Id. at 6). Further, Plaintiff was warned that, pursuant to Local Rule 7.6, failure to file the opposition by that date would result in the motion being deemed unopposed and summarily granted. (Id.) (quoting Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (1991)). Nonetheless, as of the date Judge Carlson issued his Report and Recommendation, no opposition had been received by the clerk of courts. (Id.). Accordingly, Judge Carlson recommends that we grant the motion for summary judgment as unopposed pursuant to Local Rule 7.6. (Id. at 9). Moreover, Judge Carlson recommends that Plaintiff's failure to oppose the motion, as well as other delays by

Plaintiff, warrant dismissal of his Eighth Amendment claims for failure to prosecute under Federal Rule of Civil Procedure 41(b). (Id. at 9-14). Plaintiff objects. He argues that his opposition was timely filed pursuant to the prisoner mailbox rule. (Doc. 48 at 3-4). We disagree.

The "prisoner mailbox rule" dictates that the filings of *pro se* prisoners are deemed filed on the date deposited in the prison mailbox. Houston v. Lack, 487 U.S. 266, 270-71 (1988); In re Flanagan, 999 F.2d 753, 759 (3d Cir. 1993). To benefit from the rule, however, the prisoner must demonstrate, typically by declaration, that the documents were placed in the mail system before the filing deadline and postage was prepaid when deposited. Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 84 n.2 (3d Cir. 2013). Here, Plaintiff, a *pro se* prisoner, has filed a declaration in which he states that the opposition documents were given to prison personnel for mailing on November 25, 2014 – three days before the filing deadline.[2] (Doc. 48 at 4). However, in an apparent attempt to mislead the court, Plaintiff omits from his declaration the fact that his documents were returned to him on December 2, 2014 for lack of postage.[3] (Doc. 48 at 13). Without proper postage, the November 25, 2014 date cannot be considered the date of filing under the prisoner mailbox rule. See Jenkins, 705 F.3d at 84 n.2. If we assume that Plaintiff attached the appropriate postage and redeposited the documents in

---

2. This date is consistent with markings on the envelope. On the back of the envelope, a date stamp indicates that the documents were received by prison officials on November 26, 2014. (Doc. 48).

3. The front of Plaintiff's envelope has another date stamp indicating the date of December 2, 2014. Underneath the stamp, "Returned for postage" is written.

the prison mail system the same day the documents were returned,[4] the earliest the prisoner mailbox rule would credit Plaintiff with filing his opposition would be December 2, 2014.  Therefore, we agree with Magistrate Judge Carlson that Plaintiff failed to submit his opposition before the November 28, 2014 filing deadline, and we will overrule Plaintiff's objection.

*B. Remainder of the Report and Recommendation*

In addition to the recommendations discussed above, Judge Carlson alternatively recommends that we grant Defendants' motion for summary judgment because (1) Plaintiff's Eighth Amendment claim fails on its merits, and (2) Defendants are entitled to qualified immunity.  (Doc. 44).  With respect to these recommendations, Plaintiff identifies no specific portion to which he objects.  Instead, he makes a general objection by objecting to the Report and Recommendation in its entirety.  (Doc. 48 at 3). "When the parties have registered either no objections or only 'general' objections, 'the district court need only review the record for plain error or manifest injustice." Forrester Lincoln Mercury, Inc. v. Ford Motor Co., No. 1:11-CV-1136, 2012 WL 1642760 at *1 (M.D. Pa. May 10, 2012) (quoting Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998).   Upon independent review, we find no plain error or manifest injustice, and we will adopt the Report and Recommendation with respect to these findings.

There is one finding in the Report and Recommendation, however, that we find to be plain error.  Plaintiff's complaint includes a separate Bivens claim against a

---

4. This assumption is consistent with the postmark of December 3, 2014 on Plaintiff's envelope.

third defendant – Defendant Sudul.  (Doc. 1).  In that claim, Plaintiff alleges that Defendant Sudul retaliated against him for pursuing administrative remedies.  (Id.).  On May 15, 2014, Defendant Sudul filed a motion for summary judgment on that claim.  (Doc. 16).  In the Report and Recommendation, Magistrate Judge Carlson recommends that we dismiss Defendant Sudul's motion because disposition of the instant motion renders it moot.  (Doc. 44 at 5 n.1).  We disagree.  The motion for summary judgment on which Judge Carlson issued his Report and Recommendation only addresses Plaintiff's Eighth Amendment claim and only includes Defendants Lindsey and Gonzalez as moving parties.  See (Doc. 49 at 2-3).  Therefore, even after adopting the Report and Recommendation, Plaintiff's retaliation claim against Defendant Sudul remains.  Accordingly, the May 15, 2014 motion for summary judgment will not be rendered moot by our disposition of the instant motion.

*IV.        Conclusion*

Based on the foregoing reasons, we will adopt Magistrate Judge Carlson's recommendation to grant the motion for summary judgment filed by Defendant Lindsey and Defendant Gonzalez.  We will remand the case to Judge Carlson, however, to issue a report and recommendation on Defendant Sudul's pending motion for summary judgment on Plaintiff's retaliation claim.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge